1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT LEE JENKINS, Jr.,                    No.  2:13-cv-2273-DB

12                 Plaintiff,

13          v.                                   **ORDER AND FINDINGS AND**
                                                 **RECOMMENDATIONS**
14   LARES, et. al.,

15                 Defendants.

16

17          Robert Lee Jenkins, Jr. ("plaintiff"), a prisoner at High Desert State Prison, proceeds pro

18   se and in forma pauperis in this civil rights action under 42 U.S.C. §1983.  In his second amended

19   complaint, plaintiff asserts four claims against ten defendants for retaliation, excessive force, and

20   violation of due process.  (ECF No. 13)  Before the court is defendants' motion to sever these

21   four claims into separate actions pursuant Federal Rule of Civil Procedure 21.  For the reasons set

22   forth below, the undersigned recommends defendants' motion be GRANTED:

23                                   BACKGROUND

24          Plaintiff initiated these proceedings by filing a complaint on October 31, 2013.  (Compl.

25   (ECF No. 1).)  The complaint named the following defendants:  Correctional Officers Lares,

26   Barker, Young, Parker, Drake, McGrath, Newton, Blauser, and Blankenship; C. Nelson; C. Hale;

27   Lieutenant Angulo; Captain Perry; Warden Barnes; J.D. Lozano; R. Gower; and Sergeant Smith.

28   (Id.)  On August 13, 2014, the court issued a screening order in relation to plaintiff's complaint in

                                              1

1    accordance with 28 U.S.C. § 1915(a).  (1st Scrn. Ord. (ECF No. 8).)

2         This order dismissed, with leave to amend, all claims except those against Peery, Gower,

3    Barnes, Parker, Drake, McGrath, Blauser, and Smith.  (Id. at 15.)  On August 29, 2014, plaintiff

4    filed an amended complaint.  (Amend. Compl. (ECF No. 11).)  Upon screening, the court found

5    that plaintiff's amended complaint clarified plaintiff's original allegations against defendants

6    Lares and Barker, but failed to include all other potentially colorable claims from the original

7    complaint.  (2nd Scrn. Ord. (ECF No. 12).)  Thereafter, the court directed plaintiff to file a second

8    amended complaint (SAC) "that include[d] those claims found cognizable in the original

9    complaint and those clarifying facts contained in the amended complaint against Lares and

10   Barker."  (Id. at 2.)

11        Plaintiff filed an SAC on May 14, 2015.  (SAC (ECF No. 13).)  On March 6, 2017 the

12   court issued a screening order for plaintiff's SAC, in which it found that plaintiff had stated the

13   following cognizable claims: (a) a Fourteenth Amendment violation of due process claim against

14   defendants Peery, Gower, and Barnes; (b) a First Amendment retaliation claim against defendants

15   McGrath, Parker, and Drake; (c) a First Amendment retaliation claim against Lares and Barker;

16   and (d) an Eighth Amendment excessive force claim against Blauser and Smith.  (3rd Scrn. Ord.

17   (ECF No. 15) at 3.)

18        On May 24, 2017 defendants filed a motion to sever pursuant Federal Rule of Civil

19   Procedure Rule 21.  (Mot. to Sev. (ECF No. 23).)  Defendants argue that plaintiff's SAC

20   circumvents the filing fee provisions set forth in the Prisoner Litigation Reform Act by

21   "consolidate[ing] four unrelated 2012 events into one lawsuit against ten [d]efendants."  (Memo.

22   Pts. Auths. (ECF No. 23-1) at 1.)  Defendants further argue that "the only thread unifying the

23   actions is that they each happened at High Desert State Prison (HDSP) in 2012."  (Id.)

24   Otherwise, defendants assert, plaintiff's allegations neither arise from the same transaction or

25   occurrence, nor implicate common questions of law and fact as required for permissive joinder

26   under Federal Rule of Civil Procedure 20.  (Id. at 3.)

27        Plaintiff filed an opposition to the motion on June 16, 2017.  (Opp. Mot. (ECF No. 28).)

28   Defendants filed a reply on June 20, 2017.  (Def. Reply (ECF No. 29).)

2

FACTS

2    The claims and factual allegations set forth in plaintiff's SAC are summarized below.

3    **I.    Violation of Due Process Claim Against Defendants Peery, Gower, and Barnes**

4    On February 12, 2012 plaintiff was issued a lock-up order and was subsequently placed in

5    administrative segregation ("ad-seg"). (SAC (ECF No. 13 at 4).) Plaintiff was placed in ad-seg

6    due to safety concerns arising from allegations made by plaintiff regarding staff misconduct. (Ex.

7    to Compl. (ECF No. 1 at 23).)[1] Plaintiff alleges that defendants Peery, Gower, and Barnes were

8    responsible for reviewing his lock-up order and placement in ad-seg. (SAC (ECF No. 13 at 4).)

9    Documents submitted by plaintiff indicate that both a lock-up review hearing (on

10   February 13, 2012) and classification committee hearing (on February 16, 2012) were conducted

11   in relation to plaintiff's placement in ad-seg. (Ex. to Compl. (ECF No. 1 at 20).) However,

12   plaintiff states that he was never called for either hearing. (SAC (ECF No. 13 at 4).) Plaintiff

13   further alleges that defendants Peery, Gower, and Barnes made misrepresentations that plaintiff

14   had refused to appear at the lock up review and classification committee hearings. (Id.) As a

15   result, plaintiff was left in ad-seg for 25 days without a hearing, until his release from ad-seg on

16   March 8, 2012. (Id.; Ex. to Compl. (ECF No. 1 at 20).) Based on these facts, plaintiff asserts a

17   violation of due process claim against Peery, Gower, and Barnes.

18   **II.   Retaliation Claim Against Defendants Parker, Drake, and McGrath**

19   On June 6, 2012, plaintiff's cell was searched by defendants McGrath and Lares. (SAC

20   (ECF No. 13 at 5).) Plaintiff alleges that, in the course of the cell search, McGrath took several

21   personal photos out of plaintiff's photo album, as well as legal documents belonging to plaintiff.

22   (Id.) In response, plaintiff told McGrath he would be filing a 602 inmate grievance against him.

23   (Id.) Plaintiff states that McGrath then left plaintiff's cell, returned to the Program Office, and

24   "told some[one] that [p]laintiff was going to file a 602 against him." (Id. at 6.)

25   Within ten minutes, defendants Parker and Drake came to plaintiff's cell to conduct a

26   second cell search. (Id.) During this search, Parker and Drake confiscated multiple personal

27   _____

28   [1] Exhibits appended to Plaintiffs complaint and amended complaint were considered as part of the second amended complaint. (2nd Scrn. Ord. ECF No. 12 at 3.)

items belonging to plaintiff.  (Id.)  Plaintiff further alleges that Drake grabbed plaintiff's state jacket, buttoned it up, and then ripped off all the buttons while stating "you will be receiving a CDCR-115 for altered state property."  (Id.)  Less than ten days later, plaintiff was issued a CDCR-115 in connection with the destruction of his state jacket.  (Id.)  Plaintiff alleges the above actions were carried out by McGrath, Parker, and Drake in retaliation for plaintiff threatening to file a 602 inmate grievance against McGrath.  (Id.)

### III.    Retaliation Claim Against Defendants Lares and Barker

On June 12, 2012, [2] plaintiff was called to the Program Office for a 602 interview.  (Id. at 4.)  Plaintiff states that when he arrived for the interview, defendants Barker and Lares were "posted up at the front door."  (Id.)  Plaintiff alleges that during the interview, Lares stood right behind plaintiff in an attempt to intimidate him.  (Id. at 4–5.)

Plaintiff further alleges that after he left the interview, Lares walked close behind him and kicked the back of his feet in an attempt to trip him.  (Id. at 5.)  After plaintiff asked why Lares was trying to trip him, both Lares and Barker "got up in [p]laintiff's face"  (Id.)  Lares and Barker then stood close to plaintiff on either side and began to verbally harass him with derogatory comments and name calling.  (Id.)  Plaintiff asserts that this was an attempt by Lares and Barker to provoke plaintiff into violence.  (Id.)  Plaintiff concludes that Lares and Barker were acting in retaliation for 602 grievances plaintiff had previously filed against them.  (Id.)

### IV.    Excessive Force Claim Against Defendants Blauser and Smith

On December 2, 2012, plaintiff was removed from his cell by defendants Blauser and Smith for a cell search.  (Id. at 6.)  Upon exiting his cell, plaintiff was handcuffed by Blauser.  (Id.)  Plaintiff alleges that Blauser lifted plaintiff's handcuffed hands unnecessarily high behind his back, causing extreme pain.  (Id. at 6–7.)  Plaintiff alleges that he complained of his pain to Smith, who was standing nearby, but that Smith did nothing.  (Id. at 7.)  Based on this incident, plaintiff asserts a claim of excessive force against Blauser and Smith.  (Id.)

---

[2] While plaintiff's SAC indicates the events implicating Barker and Lares occurred on June 12, 2012, plaintiff's opposition motion indicates that the events occurred on May 22, 2012.  (Opp. Mot. (ECF No. 28 at 2).)

1    LEGAL STANDARDS

2    Defendants brought their motion to sever pursuant Federal Rule of Civil Procedure 21.

3    "By itself, Rule 21 cannot furnish standards for the propriety of joinder, for it contains none.

4    Hence it must incorporate standards to be found elsewhere." Pan Am. World Airways, Inc. v.

5    United States Dist. Court for Cent. Dist., 523 F.2d 1073, 1079 (9th Cir. 1975).  Since plaintiff's

6    claims each involve a discrete group of defendants, none of whom is a required party,[3] the proper

7    standards for joinder can be gleaned from Federal Rule of Civil Procedure 20.

8    Rule 20 governs permissive joinder of parties to an action and sets forth two specific

9    requirements for permissive joinder: "(1) a right to relief must be asserted by, or against, each

10   plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of

11   transactions or occurrences; and (2) some question of law or fact common to all parties must arise

12   in the action." Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980)

13   (citing League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th

14   Cir. 1977)).  Subject to these requirements, Rule 20 permits related claims against different

15   defendants to be brought in one lawsuit. See League to Save Lake Tahoe, 623 F.2d. at 917

16   (finding permissive joinder of defendants was proper where both requirements of Rule 20 were

17   met).  Conversely, unrelated claims against different defendants must be pursued in separate

18   lawsuits. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  "In assessing whether the

19   requirements of Rule 20 are met, courts must accept the factual allegations in a plaintiff's

20   complaint as true." Gibson v. Rosati, No. 9:13-CV-00503 (GLS/TWD), 2014 U.S. Dist. LEXIS

21   106689, at *24 (N.D.N.Y. June 28, 2014).  The plaintiff bears the burden of demonstrating that

22   the requirements of permissive joinder are satisfied. Id.

23   If the requirements for permissive joinder are not satisfied, courts may look to Rule 21.

24   Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).  Under Rule 21, where a court finds

25   _____

26   [3] Federal Rule of Civil Procedure 19 defines a required party as a party who must be joined if (A)
     "in that person's absence, the court cannot accord complete relief among existing parties;" or (B)
     that person claims an interest related to the subject of the action, such that disposing of the action
27   without that person may impede the person's ability to protect the interest, or leave an existing
     party subject to substantial risk of incurring multiple or otherwise inconsistent obligations
28   because of the interest.

misjoinder, it may "drop a party" or "sever any claim against a party" as it considers just. Fed. R. Civ. P. 21. Misjoinder, however, is not grounds for dismissal of an action. Id. Courts have broad discretion in deciding on a motion to sever. Coleman v. Quaker Oats Co., 232 F.3d 1271, 1297 (9th Cir. 2000). If the test for permissive joinder is not satisfied, a court may sever the misjoined parties, "as long as no substantial right will be prejudiced by the severance." Coughlin, 130 F.3d at 1350.

ANALYSIS

## I.    Rule 20 Requirements

Upon analysis of plaintiff's SAC, the undersigned finds that plaintiff fails to satisfy the requirements for permissive joinder of defendants under Rule 20.

### A.  "Same Transaction or Occurrence"

The "same transaction or occurrence" requirement for permissive joinder refers to similarity in the factual background of joined claims. Coughlin, 130 F.3d at 1350. "Claims that arise out of a systematic pattern of events" and have a "very definite logical relationship" can be said to arise out of the same transaction or occurrence. Bautista v. Los Angeles County, 216 F.3d 837, 842–843 (9th Cir. 2000) (Reinhardt, J., concurring) (quoting Coughlin, 130 F.3d at 1350 and Union Paving Co. v. Downer Corp., 276 F.2d 468, 470 (9th Cir. 1960)).

Defendants argue that plaintiff's SAC "reads as a chronology of unrelated incidents during plaintiff's 2012 housing at HDSP" and that "plaintiff failed to plead any link between various episodes." (Memo. Pts. Auths. (ECF No. 23-1) at 4.) A close examination of plaintiff's claims supports defendants' argument. Each of plaintiff's claims relates to a separate transaction or occurrence.

First, plaintiff alleges defendants Peery, Gower, and Barnes violated his right to due process by failing to provide him with a timely hearing in relation to his February 12, 2012 ad-seg placement. (SAC (ECF No. 13 at 4).) Second, plaintiff alleges defendants Parker, Drake, and McGrath retaliated against him on June 6, 2012 by conducting a punitive cell search, confiscating his property, and destroying his state-issued jacket. (Id. at 4–5.) Plaintiff does not connect these retaliatory actions to his prior ad-seg confinement and due process claims. Rather, plaintiff's

6

SAC and supporting documents allege that this retaliation resulted from a 602 grievance plaintiff filed against McGrath on that same date.  (Id. at 6; Ex. to Compl. (ECF No. 1 at 67).)

Third, plaintiff alleges defendants Barker and Lares retaliated against him on June 12, 2012 by intimidating him during a 602 interview, harassing him, and attempting to trip him. (SAC (ECF No. 13 at 5–6).)  Plaintiff does not connect this retaliation to his due process claim or to his retaliation claim against Parker, Drake and McGrath.  Instead, plaintiff's SAC alleges that this retaliation resulted from 602 grievances plaintiff had previously filed against Barker and Lares for interfering with his use of the inmate grievance system.  (Id. at 6.)

Finally, plaintiff claims Blauser and Smith used excessive force against him during a cell search on December 2, 2012.  (SAC (ECF No. 13 at 6–7).)  Again, plaintiff does not demonstrate that this claim was part of a systematic pattern of events, nor does he relate it to any of his other claims.  Reviewing plaintiff's claims in their entirety, plaintiff has failed to show a factual similarity underlying each of his claims, that his claims arose from a systematic pattern of events, or that his claims were logically related to one another.[4]

In his opposition to defendants' motion to sever, plaintiff asserts that the incidents described in his SAC all began with a 602 grievance he filed against an unnamed person on December 5, 2011.  (Opp. Mot. (ECF No. 28 at 2).)  Plaintiff explains that, as a result of this grievance, he was singled out and retaliated against by defendants.  (Id.)  Plaintiff further claims this retaliation was "ongoing continuously" from December 5, 2011 to January 10, 2013, and that defendants retaliatory actions were done "in co-hoots" with one-another.  (Id. at 1–2.)

These novel theories of liability not pleaded in the SAC will not be considered in the pending motion to sever.  Harrison v. Linde, No. 2:12-cv-02000-KJM-CKD, 2013 WL 789119, at *2 (E.D. Cal. Mar. 1, 2013), report and recommendation adopted as modified, No. 2:12-cv-2000-KJM-CKD, 2013 WL 3872833 (E.D. Cal. July 25, 2013) (declining to consider new allegations in

---

[4] Plaintiff should be aware of the proper standards for joinder.  Plaintiff has previously filed claims against each of these defendants in another action in 2013.  Screening orders issued in that action on May 12, 2013, August 13, 2013, and September 25, 2013 included instructions on standards for permissive joinder.  Plaintiff's claims relating to these defendants were ultimately dismissed without prejudice for misjoinder reasons.  (See generally, Case No.: 2:13-cv-00596-KJM-AC (E.D. Cal.) (ECF Nos. 1, 5, 9, & 13).)

an opposition motion to a motion to sever). Plaintiff's SAC contains no facts in support of his

assertion that all of his claims stem from a single prior incident on December 5, 2011. Plaintiff's

SAC similarly fails to support his argument that defendants named in separate claims were acting

"in co-hoots" with one another. Even if this court were to consider those new allegations

contained within plaintiff's opposition, on their own they are vague and conclusory. As such,

plaintiff's new allegations are insufficient evidence that his claims arose from the same

transaction or occurrence.

      For the foregoing reasons, plaintiff has not satisfied Rule 20's first requirement for

permissive joinder.

**B. Common Questions of Law or Fact**

      Plaintiff's claims all arise under 42 U.S.C. Section 1983, as he is alleging prison officials

violated his constitutional rights. However, the mere fact that some of plaintiff's claims arise

from the same general law does not necessarily establish a common question of law or fact

among plaintiff's claims. Coughlin, 130 F .3d 1348, 1351. Claims "involv[ing] different legal

issues, standards, and procedures" do not involve common factual or legal questions. Id.

Additionally, where claims require significant individualized attention, they cannot be said to

involve common questions of law or fact. Id.

      In the instant case, plaintiff presents three types of claims: a Fourteenth Amendment due

process claim, an Eighth Amendment excessive force claim, and two First Amendment retaliation

claims. Each of these claims present unique legal issues. To establish a Fourteenth Amendment

due process claim in relation to his ad-seg placement, plaintiff must show that: (1) prison officials

failed to provide an informal, non-adversarial hearing within a reasonable time after being

segregated; (2) notice of the reasons segregation was being considered; and (3) an opportunity for

plaintiff to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986)

overruled on other grounds by Sandin v. Connor, 515 U.S. 472, 481 (1995). Comparatively, to

prove an Eighth Amendment excessive force claim, plaintiff must show that "force was applied

maliciously or sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting

Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Finally, to establish a First Amendment retaliation

8

1  claim, plaintiff must provide five elements: "(1) An assertion that a state actor took some adverse

2  action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action

3  (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not

4  reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68

5  (9th Cir. 2005). Since each of these types of claims require plaintiff to prove distinctly different

6  legal elements, they cannot be said to involve common factual or legal questions.

7      Furthermore, although plaintiff does bring two First Amendment retaliation claims, each

8  arise from discrete events and implicate entirely separate sets of defendants. As such, they will

9  each require the court's individualized attention and cannot be said to present common questions

10  of law and fact.

11      For the aforementioned reasons, plaintiff has not satisfied Rule 20's second requirement

12  for permissive joinder.

13  **II.    Prejudice to Plaintiff's Substantial Rights**

14      In the instant case, defendants assert that the four claims of this lawsuit be should be

15  severed, and that "Plaintiff should be directed to file separate actions, should he choose to."

16  However, when crafting a remedy for misjoinder, "the judge is required to avoid gratuitous harm

17  to the parties" including dismissal that would have "adverse statute-of-limitations consequences."

18  Elmore v. Henderson, 227 F.3d 1009, 1012 (7th Cir. 2000). For example, district courts in

19  California have denied motions to sever where a plaintiff would be barred from re-filing his

20  severed claims due to expiration of the relevant statute of limitations. See Rodriguez v. Tilton,

21  No. 2:08-cv-1028-GEB-AC, 2013 WL 1163796, at *7 (E.D. Cal. Mar. 20, 2013) ("Even if the

22  court was inclined to find that severance is appropriate under Rule 20(a), it may well be the case

23  that granting defendants' motion would prejudice plaintiff, who at this late date may be unable to

24  file separate actions without facing dismissal on timeliness grounds."); Johnson v. Gains, No.

25  09CV1312-LAB POR, 2011 WL 766685, at *5–6 (S.D. Cal. Jan. 26, 2011), report and

26  recommendation adopted, No. 09CV1312-LAB POR, 2011 WL 765851 (S.D. Cal. Feb. 24, 2011)

27  ("Dismissal of Plaintiff's claims . . . without prejudice would in effect be the equivalent of a

28  dismissal with prejudice, as Plaintiff would be barred from refiling his claims . . . under the

1    applicable statute of limitations.").

2         The relevant statute of limitations has not been addressed by either party in this case.

3    However, the court notes that, should plaintiff's claims be severed and dismissed without

4    prejudice, he is likely to be time-barred from re-filing those claims as new actions. The Prison

5    Litigation Reform Act of 1995 first requires that prisoners exhaust available administrative

6    remedies before bringing an action in federal court challenging prison conditions. 42 U.S.C. §

7    1997e(a); Jackson v. Harrison, No. CV 08-8112 DOC JC, 2010 WL 3895478, at *8 (C.D. Cal.

8    Aug. 25, 2010), report and recommendation adopted, No. CV 08-8112 DOC JC, 2010 WL

9    3895468 (C.D. Cal. Sept. 28, 2010). Thereafter, claims under 42 U.S.C. Section 1983 are

10   governed by the forum state's statute of limitations for personal injury. Torres v. City of Santa

11   Ana, 108 F.3d 224, 226 (9th Cir. 1997). California's statute of limitations for personal injury is

12   two years. Cal. Code Civ. Proc. § 335.1. Additionally, prisoners serving a term of less than life

13   are entitled to a two-year tolling provision before the commencement of the statute of limitations

14   for bringing a civil rights action. Cal. Code Civ. Proc. § 352. Thus, the most generous statute of

15   limitations available to plaintiff is four years.

16        Administrative appeal documents filed by plaintiff indicate that he exhausted the appeals

17   process as to his first claim on October 23, 2012; his second and third claims on December 13,

18   2012; and his fourth claim as of July 2, 2013. (Exs. to Comp. (ECF No. 1 at 13, 27-28, 64-65,

19   and 105-06).) Plaintiff's original complaint in this action was filed on October 31, 2013, within

20   the aforementioned four-year statute of limitations period for each of his claims. (Compl. (ECF

21   No. 1).) However, the statute of limitations for each of plaintiff's claims has since most likely

22   expired. As a result, severing and dismissing any of plaintiff's claims at this time may potentially

23   result in "adverse statute-of-limitations consequences."

24        With these considerations in mind, the undersigned will not recommend severing and

25   dismissing plaintiff's misjoined claims. Instead, the undersigned recommends severing plaintiff's

26   second, third, and fourth claims from this action, and thereafter directing the Clerk of the Court to

27   file these claims as new actions with new case numbers. See, e.g. Harrison v. Linde, No. 2:12-

28   CV-2000 KJM CKD, 2013 WL 3872833 at *1 (E.D. Cal. July 25, 2013) (severing unrelated

10

1    claims into separate lawsuits). The undersigned finds such a severance preserves the substantial

2    rights of both parties, serves judicial efficiency, and comports with the interest of justice.

3    Additionally, in the event plaintiff chooses not to pursue one or more of his severed claims, he

4    may file a motion with this court to voluntarily dismiss those claims.

5                                                    CONCLUSION

6        Plaintiff's claims against different defendants neither arise out of the same transaction or

7    occurrence, nor involve common questions of law and fact. Additionally, plaintiff's claims may

8    be severed without dismissal in such a manner that plaintiff's substantial rights will not be

9    prejudiced. As such, it is within the court's discretion to sever plaintiff's claims and allow them

10   to proceed as separate actions going forward.

11       For the reasons set forth above, IT IS ORDERED that:

12           1. The Clerk of the Court assign a district judge to this action; and

13       IT IS RECOMMENDED that:

14           1. Defendants' May 24, 2017 motion to sever (ECF No. 23) be granted.

15           2. The claims in case No. 2:13-cv-2273 be severed into four separate actions, with

16              the current case number remaining assigned to the Claim #1 against Defendants

17              Peery, Gower, and Barnes.

18           3. The Clerk of Court be directed to assign new case numbers for the three remaining

19              claims: Claim #2 against Defendants Barker and Lares, Claim #3 against

20              Defendants McGrath, Parker, and Drake, and Claim #4 against Defendants Blauser

21              and Smith.

22           4. The same district judge and magistrate judge be assigned in these new actions; and

23           5. The filings from case No. 2:13-cv-2273 be included on the dockets of each case.

24       These findings and recommendations will be submitted to the United States District Judge

25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14)

26   days after these findings and recommendations are filed, any party may file written objections

27   with the court. A document containing objections should be titled "Objections to Magistrate

28   Judge's Findings and Recommendations." Any reply to the objections shall be served and filed

                                                          11

1    within 14 days after service of the objections.

2          The parties are advised that failure to file objections within the specified time may, under

3    certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst,

4    951 F.2d 1153 (9th Cir. 1991).

5    Dated:  August 4, 2017

6

7

8                      DEBORAH BARNES
                       UNITED STATES MAGISTRATE JUDGE

9

10   Ext
   DLB1/prisoner-civil rights/Jenk2273.sever

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28